UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL R. TYSKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>Defendant. | Civil Action No. 22-cv-8207 |

## PLAINTIFF'S PETITION TO VACATE ARBITRATION AWARD

1. Plaintiff Michael R. Tyskowski worked for Defendant International Business Machines Corporation (hereinafter "IBM"). He has attempted to bring a claim against IBM in arbitration for discrimination under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*., in connection with the termination of his employment.

2. ███████████████████████████████████████████

   Pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*., Plaintiff hereby moves to vacate the arbitration award dismissing his claim.

3. ███████████████████████████████████████████
   ███████████████████████████████████████████
   ███████████████████████████████████████████
   ███████████████████████████████████████████

1

4. █████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

5. Plaintiff thus seeks vacatur of the Arbitrator's award as he is unable to vindicate his rights in arbitration as he would be in court. This action is brought pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## PARTIES

6. Plaintiff Michael R. Tyskowski is a resident and domiciliary of Broadlands, Virginia. For 33 years, until his termination, he was an employee of Defendant. His last day of work was in May of 2016.

7. Defendant International Business Machines Corporation ("IBM") is incorporated and maintains its principal place of business in New York.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as the underlying claim sounds in federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

9. This Court also has jurisdiction over these proceedings pursuant to 29 U.S.C. §1331 as this action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*. 8.4.

10. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of the parties and the amount in controversy is in excess of $75,000.

11. Venue is proper in this District pursuant to 9 U.S.C. § 10 and 28 U.S.C. § 1391 as the arbitration award was made in this judicial district, in New York, New York.

**BRIEF SUMMARY OF FACTS AND PROCEEDINGS**

12. Plaintiff worked at IBM between 1983 and 2016.

13. Plaintiff contends that he fell victim to a years-long companywide discriminatory scheme implemented by IBM's top management to build a younger workforce, by reducing its population of older workers in order to make room for the hiring of younger workers.

14. This discriminatory scheme is detailed in the Second Amended Complaint in the matter of <u>Rusis et al. v. International Business Machines Corp.</u>, C.A. No. 18-cv-08434 (S.D.N.Y.) (Dkt. 179), a class and collective action pending in the Southern District of New York, brought under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*.  Briefly stated, in <u>Rusis</u>, the plaintiffs allege that IBM has pushed out thousands of older workers over a several year period, while hiring younger workers (which the company often refers to as "Early Professional Hires" or "New Collar" workers), in order to better compete with newer technology companies, such as Google, Facebook, Amazon, and others.

15. Indeed, IBM has been investigated for age discrimination by the Equal Employment Opportunity Commission ("EEOC").  Following a multi-year

investigation, on August 31, 2020, the EEOC issued a classwide determination in which it found reasonable cause to believe that IBM discriminated against older employees during the period 2013 to 2018.  The EEOC stated in its determination letter that its conclusion was supported by dozens of interviews it had conducted across the company, as well as analysis of data, and it rejected IBM's attempt to justify and defend the layoffs of the 58 charging parties, whose claims had been consolidated for investigation, through individualized explanations.

16. When it laid off employees, including Plaintiff, IBM avoided providing disclosures of the ages of employees who had been laid off and those not laid off (and other related information), as required by the Older Workers' Benefits Protections Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H), by not including a waiver of ADEA claims in the release that it asked the employees to sign.  Instead, it offered the employees subject to layoff a very modest severance payment in exchange for a waiver of almost all legal claims, other than a claim under the ADEA.  The agreement provided, however, that if the employee chose to pursue a claim under the ADEA, it would need to be in individual arbitration.

17. Plaintiff was 60 years old at the time of his termination.

18. Plaintiff signed the arbitration agreement and later proceeded to attempt to pursue a claim of discrimination under the ADEA in arbitration.

19. The arbitration agreement includes a provision that states: "To initiate arbitration, you must submit a written demand for arbitration to the IBM Arbitration

Coordinator no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim that you are making or, if the claim is one which must first be brought before a government agency, no later than the deadline for the filing of such a claim. If the demand for arbitration is not timely submitted, the claim shall be deemed waived. The filing of a charge or complaint with a government agency or the presentation of a concern through the IBM Open Door Program shall not substitute for or extend the time for submitting a demand for arbitration."

20. The arbitration agreement also states: "Any issue concerning the validity or enforceability of this Agreement . . . shall be decided only by a court of competent jurisdiction. Any issue concerning the arbitrability of a particular issue or claim pursuant to this section (except for issues concerning the enforceability of the class action or collective action waivers) must be resolved by the arbitrator and not a court."

21. ████████████████████████████████████████████████████████
████████████████████████████████

22. ████████████████████████████████████████████████████████
████████████████████

23. ████████████████████████████████████████████████████████
████████████████████████████████████████████████

24. ██████████████████████████████████████████████

25. ███████████████████████████████████████████████████████

███████████████████████████

26. The Final Award should be vacated, because the Arbitrator manifestly disregarded the law by concluding that Plaintiff's arbitration demand was submitted untimely. Had the Plaintiff been able to proceed with his ADEA claim in court (absent the arbitration agreement), his claim would have been deemed timely by virtue of the single filing or "piggybacking" rule. Nonetheless, IBM contended, and the Arbitrator agreed, that because Plaintiff had signed the arbitration agreement, the period to file his ADEA claim was truncated by contract.

27. Pursuant to the ADEA, individuals are required to file a charge with the EEOC within 300 days of the date of the alleged wrongful act (or within 180 days in non- deferral jurisdictions). 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. §§ 626(d), 633(b).

28. However, under the single filing rule, also referred to as the "piggybacking" doctrine, individuals may pursue discrimination claims even if they did not timely file their own administrative charge of discrimination at the EEOC. See Tolliver v. Xerox Corp., 918 F.2d 1052, 1057-59 (2d Cir. 1990); see also Holowecki v. Federal Exp. Corp., 440 F.3d 558, 565-70 (2d Cir. 2006). All that is required for "piggybacking" is that the earlier filed charge of discrimination is similar to the discrimination claim that the individual wants to pursue. See Tolliver, 918 F.2d at 1057-59; Grayson v. K Mart Corp., 79 F.3d 1086, 1102 (11th Cir. 1996)

("piggybacking is available in ADEA cases). The single filing rule is thus a part of the statute of limitations law for ADEA claims.

29. Although Plaintiff would be timely to bring his age discrimination claim in court under the single filing rule by virtue of piggybacking onto similar charges timely filed at the EEOC, see Tolliver, 918 F.2d at 1057-59; Holowecki, 44 F.3d at 565-70, IBM's arbitration agreement purports to render Plaintiff's ADEA claim untimely in arbitration, in that it states that "[t]he filing of a charge or complaint with a government agency or the presentation of a concern through the IBM Open Door Program shall not substitute for or extend the time for submitting a demand for arbitration."  Thus, IBM's enforcement of this provision has effectively waived Plaintiff's right to rely on the single filing rule and thus has significantly truncated Plaintiff's ADEA limitations period.

30. Courts do not permit employers to truncate the limitations periods of ADEA claims by contract because the ADEA limitations period is a substantive, non-waivable right.[1]  See Thompson v. Fresh Products, LLC, 985 F.3d 509, 519-20 (6th Cir. 2021).  The EEOC has also taken the position that ADEA limitations periods cannot be abridged by contract. See Thompson, EEOC Brief, 2020 WL 1160190, at *19-25 (S.D.N.Y. March 2, 2020).

---

[1]   As noted above (paragraph 16), Plaintiff cannot be deemed to have waived his rights under the ADEA because IBM did not provide the disclosures regarding the ages of employees who were laid off and were not laid off, as required by the OWBPA.  See Oubre v. Entergy Operations, Inc., 522 U.S. 422, 426-27 (1998).

7

31. Moreover, the law is clear that arbitration is a viable alternative to court only where employees can pursue the same claims they could pursue in court; the law is also clear that employees cannot be required to give up substantive rights if they proceed with their claims in arbitration, rather than in court. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) ("the prospective litigant [must be able to] effectively . . . vindicate his or her statutory cause of action in the [specific] arbitral forum").

32.  9 U.S.C. §10(a)(4).

33. ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████ 9 U.S.C. §10(a)(4).

34. The Arbitrator's manifest disregard of the law in failing to afford the Plaintiff the same rights he would have in court; exceeded his authority by failing to grant the Plaintiff the full remedies under the arbitration agreement; his failure to enforce the arbitration agreement and hear the challenge to the enforceability of the waiver of piggybacking; his failure to hear evidence pertaining to IBM's actions

that were equivalent to those he sanctioned Plaintiff for; and his failure to enforce the agreement as an individual arbitration basing his sanctions on Plaintiff's counsel's strategic decisions in other arbitrations constitute grounds for vacating the Award in this case.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Vacate the Arbitrator's award as the Arbitrator manifestly disregarded the law; and he did not follow the procedures set out in IBM's agreement and did not afford Plaintiff the rights available to him under the law.

2. Find and declare that the provision of IBM's arbitration agreement that purports to waive the single filing, or "piggybacking", rule, and under which IBM contends that Plaintiff's claim under the ADEA is untimely, is unenforceable and otherwise void.

3. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

MICHAEL TYSKOWSKI,

By his attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (NY Bar No. 2971927)
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

Dated:       September 26, 2022