```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL R. TYSKOWSKI,

                         Plaintiff,

   -against-

INTERNATIONAL BUSINESS MACHINES CORP.,

                         Defendant.

No. 22-CV-08207 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

       Plaintiff Michael R. Tyskowski ("Plaintiff" or "Tyskowski") commenced this action on September 26, 2022, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 USC § 2201, seeking, *inter alia*, to vacate an arbitration award issued in favor of his former employer, Defendant International Business Machines Corporation ("Defendant" or "IBM"), which dismissed Plaintiff's claims as untimely and imposed sanctions. (ECF No. 1.) Now before the Court is Plaintiff's motion seeking to vacate the Arbitrator's determination. (ECF No. 5.) For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

       Plaintiff worked at IBM from 1983 through 2016. (Complaint, ("Compl.") at ¶ 12, ECF No. 1.) Plaintiff alleges that from 2013 through 2018, IBM engaged in a company-wide practice of discrimination against its older employees in favor of hiring younger workers. (*Id.* at ¶¶ 13–15.) As part of his employment at IBM, Plaintiff signed an arbitration agreement. (*Id.* at ¶ 19.) Sometime after attaining the age of sixty (60) years old, Plaintiff was terminated by IBM. (*Id.* at ¶ 17.) On July 28, 2021, Plaintiff filed an arbitration demand (the "Demand") alleging age discrimination against IBM under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (*Id.* at ¶¶ 18, 21.) IBM moved

1

before the Arbitrator to dismiss Plaintiff's Demand as untimely and sought sanctions. (*Id.* at ¶¶ 22, 23.) Plaintiff opposed. (*Id.* at ¶¶ 22–23.) On February 4, 2022, the Arbitrator issued an order granting IBM's motion in its entirety. (*Id.* at ¶ 23.) Plaintiff filed a motion before the Arbitrator for reconsideration, and that motion was denied. (*Id.* at ¶¶ 24–25.) On June 27, 2022, the Arbitrator issued a Final Order in favor of IBM dismissing the Demand. (*Id.* at ¶ 25.) Plaintiff now seeks to vacate the Final Order on the sole basis that "the Arbitrator manifestly disregarded the law" by concluding that the Plaintiff's Demand was untimely. Plaintiff further seeks a court order deeming waiver provisions in IBM's Arbitration Agreement unenforceable. (*Id.* at ¶ 26.)

## LEGAL STANDARD

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he or she has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal citation omitted). It is well settled, "[A]n arbitrator derives his authority from the parties' agreement to forgo the legal process and submit their disputes to private dispute resolution." *Id.* at 649; *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682–83 (2010). When enforcing an arbitration agreement or construing its terms, courts and arbitrators are required to "give effect to the contractual rights and expectations of the parties," while maintaining the FAA's policy purposes. *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).

The Federal Arbitration Act ("FAA") was enacted to overcome judicial resistance to arbitration and declare a national policy in favor of arbitration. *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). The FAA statutory scheme does not convey federal jurisdiction but rather requires that there be an independent jurisdictional basis over the disputed matter. *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019) (citing *Vaden v. Discover Bank*, 556 U.S. at 59); 9 U.S.C.A. § 9. Typically, a district court's subject matter jurisdiction to confirm an arbitration award is contingent upon an explicit agreement by the

parties to judicial confirmation. *See Stone & Webster, Inc. v. Triplefine Int'l Corp.*, 118 F. App'x 546, 548 (2d Cir. 2004) (citing *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985)); *see also Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208, 210 (2d Cir. 1973).

Generally, confirmation of an arbitrator's award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). A party seeking to confirm an arbitrator's award must move within one year of the decision, and the order confirming the award must be granted unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. An arbitration award should be confirmed upon a showing that there is a "barely colorable justification for the outcome reached." *Nutrition 21, Inc. v. Wertheim*, 150 F. App'x 108, 109 (2d Cir. 2005) (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.,* 344 F.3d 255, 260 (2d Cir. 2003)).

Courts should exercise extreme caution when considering whether to overturn or disturb an arbitration award. *See Karppinen v. Karl Kiefer Mach. Co.*, 187 F.2d 32, 34 (2d Cir. 1951). A party seeking to avoid summary confirmation of an arbitration award bears a high burden. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). A district court may vacate an arbitrator's award upon a showing that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, or entertain evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of a party has been prejudiced; or (4) the arbitrator exceeded his scope of authority. 9 U.S.C. § 10(a). The statutory standard suggests that to grant vacatur of an arbitrator's decision, the movant must meet a very high threshold.[1] *See Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *Pacelli v. Vane Line Bunkering, Inc.*, 549 F. Supp. 3d 306, 313 (S.D.N.Y. 2021).

---

[1] In his Petition, Plaintiff does not seek to vacate the arbitral award pursuant to 9 U.S.C. § 10(a) but merely moves to vacate

3

In addition to the statutory basis, the Second Circuit has long held that "[a]n arbitration award may be vacated if it exhibits 'a manifest disregard of the law.'" *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002) (quoting *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir.1997)). "Manifest disregard" can be established only where a governing legal principle is "well defined, explicit, and clearly applicable to the case," and where the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature. *New York Tel. Co. v. Communications Workers of America Local 1100, AFLBCIO District One*, 256 F.3d 89, 91 (2d Cir. 2001) (citing *Halligan v Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir. 1998)). The doctrine is applied only "rare instances" where an arbitrator's determination is "egregious," "plainly evident from the arbitration record," and none of the statutory provisions of the FAA are applicable. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). Generally, an arbitrator's award is entitled to great deference. *Id.* The applicability of the doctrine of "manifest disregard" is "severely limited," *Gov't of India v. Cargill Inc.*, 867 F.2d 130, 133 (2d Cir. 1989) (internal quotation marks and citation omitted), such that Courts are highly deferential to the arbitral award. *Duferco*, 333 F.3d at 389. Courts have referred to "manifest disregard" as "a doctrine of last resort." *Id.* When applying the "manifest disregard" standard, courts utilize a two-prong test which involves both an objective and a subjective component. *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 209 (2d Cir. 2002). First, a court must consider whether the "governing law alleged to have been ignored by the arbitrators [was] well defined, explicit, and clearly applicable." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2d Cir. 1986)). Second, a court must look to the knowledge actually possessed by the arbitrator. *Id*. The arbitrator must "appreciate[] the existence of a clearly governing legal principle but decide[] to ignore or pay no attention to it." *Merrill Lynch*, 808 F.2d at 933. Both prongs must be met before a court may find that there has been a "manifest disregard" of law.

under one legal theory, "manifest disregard."

*Westerbeke Corp.*, 304 F.3d at 209.

## DISCUSSION

Plaintiff asserts that his claim was timely filed. (Compl. at ¶ 29.) More specifically, he asserts that under the single rule filing, also referred to as the "piggybacking doctrine," the Arbitrator's decision to deem his claim untimely is clearly erroneous. (*Id.*) Defendant IBM, asserts that the Arbitrator considered the "piggyback doctrine" and deemed it inapplicable. (Defendant's Opposition to Plaintiff's Petition and Motion to Vacate Arbitration Award ("Def. Opp.") at 9–10, ECF No. 18).

It is well settled, as a pre-condition to commencing an action asserting claims under the ADEA in federal court, a claimant must file a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") and obtain a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e) and (f); *Yu v. City of New York*, 792 F. App'x 117, 118 (2d Cir. 2020); *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 112 (2d Cir. 2008); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001); *Schiappa, Sr. v. Brookhaven Sci. Assocs., LLC*, 403 F. Supp. 2d 230, 234 (E.D.N.Y. 2005). Such claim is required to be filed within 300 days (the "300-day rule") after receiving notice of termination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B); *Gindi v. New York City Dep't of Educ.*, 786 F. App'x 280, 283 (2d Cir. 2019); *Staten v. City of New York*, 726 F. App'x 40, 43 (2d Cir. 2018). Filing an ADEA claim within this 300-day window serves as a statute of limitations rather than a jurisdictional prerequisite. *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 59 (2d Cir. 1986); *see Johnson v. Wendy's Corp.*, 2021 WL 243055, at *4 (S.D.N.Y. Jan. 25, 2021) (explaining that filing deadline acts as a statute of limitations). Generally, claims outside this window are time-barred, except when the claims are part of a continuing violation; otherwise time-barred claims may proceed when separate acts "collectively constitute one unlawful employment practice." *Staten v. City of New York*, 726 F. App'x at 43 (quoting *Washington v. Cty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004)); *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

Plaintiff acknowledges that his employment was terminated in May 2016. (Compl. at ¶ 6.) Defendant asserts, more precisely, that Plaintiff was terminated on May 31, 2016. (Def. Mem. at 4.) Under the 300-day rule, Plaintiff should have filed his demand no later than March 27, 2017, for it to have been deemed timely. It is undisputed that Plaintiff filed his demand on March 19, 2021, nearly four (4) years beyond the 300-day rule calculation.

Plaintiff, however, asserts that the Arbitrator should have applied the piggyback doctrine and deemed Plaintiff's claim timely. (Compl. at ¶ 6.)  More precisely, Plaintiff filed an opt-in notice, his Demand, seeking to join a pending ADEA collective action, *Rusis v. Int'l Bus. Machs. Corp.*, 529 F. Supp 3d 178 (S.D.N.Y. 2021), wherein the class members alleged similar discriminatory acts against IBM. (Compl. at ¶¶ 14, 26, 28 and 29.) Defendant asserts that application of the piggyback doctrine was inconsistent with the terms of the Arbitration Agreement.   (Def. Mem. at 1, 3–4).

Plaintiff signed a Separation Agreement (the "Arbitration Agreement"), wherein he agreed, in relevant part, to arbitrate any and all legal claims or disputes between he and IBM under the federal ADEA, a "Covered Claim," on an individual basis by private, confidential, final, and binding arbitration in accordance with the IBM Arbitration Procedures. The agreement further provided, in relevant part:

> "To initiate arbitration, you [Plaintiff] must submit a written demand for arbitration to the IBM Arbitration Coordinator no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim that you are making or, if the claim is one which must first be brought before a government agency, no later than the deadline for the filing of such a claim. If the demand for arbitration is not timely submitted, the claim shall be deemed waived."

A plain reading of the Agreement unequivocally provides that Plaintiff was required to submit a written demand for arbitration no later than the expiration of the statute of limitation, which is 300 days. *See Kassner*, 496 F.3d at 237; *see also Staten*, 726 F. App'x at 43. Failure to do so resulted in Plaintiff's claims being time barred. *Id.*

Plaintiff unsuccessfully attempted to skirt the 300-day rule by filing an opt-in notice in *Rusis v. Int'l Bus. Machs. Corp.* As is relevant herein, the Arbitration Agreement contains clear language that

6

Plaintiff's ADEA claim may only be prosecuted as a single individual claim, not as a class or collective action. In essence, Plaintiff signed a waiver from participating in a class action suit as it relates to his ADEA claim. Multiple courts in this district have rejected similar arguments raised by Plaintiff regarding the unenforceability of IBM's class action waiver provision. *See Tavenner v. Int'l Bus. Machines Corp.*, No. 21-CV-6345 (KMK), 2022 WL 4449215, at *9 (S.D.N.Y. Sept. 23, 2022), *aff'd*, No. 22-2318, 2023 WL 4984758 (2d Cir. Aug. 4, 2023); *Lodi v. Int'l Bus. Machines Corp.*, No. 21-CV-6336 (JGK), 2022 WL 2669199, at *5 (S.D.N.Y. July 11, 2022), *aff'd*, No. 22-1737, 2023 WL 4983125 (2d Cir. Aug. 4, 2023); *Chandler v. Int'l Bus. Machines Corp.*, No. 21-CV-6319 (JGK), 2022 WL 2473340, at *6 (S.D.N.Y. July 6, 2022), *aff'd*, No. 22-1733, 2023 WL 4987407 (2d Cir. Aug. 4, 2023); *In re IBM Arb. Agreement Litig.*, No. 21-CV-6296 (JMF), 2022 WL 2752618, at *9 (S.D.N.Y. July 14, 2022), *aff'd*, 76 F.4th 74 (2d Cir. 2023); *Rusis v. Int'l Bus. Machines Corp.*, 529 F. Supp. 3d 178, 198 (S.D.N.Y. 2021).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the arbitration award is DENIED. The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 5 and 29 and to terminate the action.

Dated:   September 30, 2023           SO ORDERED:
         White Plains, New York

                                      _____
                                      NELSON S. ROMÁN
                                      United States District Judge